**Civil L. R. 7. Form of Motions and Other Papers**

(a) **Form of Motion and Moving Party's Supporting Papers.** Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

    (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

    (2) a certificate stating that no memorandum or other supporting papers will be filed.

(b) **Non-Moving Party's Response.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion. Failure to respond to the motion may result in the Court deciding the motion without further input from the parties.

(c) **Reply.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

(d) **Sanction for Noncompliance.** Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

(e) **Oral Argument.** The Court will hear oral argument at its discretion.

(f) **Length of Memoranda.** Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

(g) **Modification of Provisions in Particular Cases.** The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

**(h) Expedited Non-Dispositive Motion Practice.**

**(1)** Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

**(2)** The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

**(3)** The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

**(i) Leave to file paper.** Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

**(j) Citations.**

**(1)** With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or non-precedential opinions, decisions, orders, judgments, or other written dispositions.

**(2)** If a party cites an unreported opinion, decision, order, judgment or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

**(3)** Service of Copies on Pro Se Parties. If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition on pro se parties regardless of whether it is available in a publicly accessible electronic database.

**(k) Notice of Supplemental Authority.** If pertinent and significant authorities relevant to an issue raised in a pending motion come to a party's attention after a party's final brief on the motion has been filed, the party may file a Notice of Supplemental Authority, attaching the new authority, without leave of the court. The Notice of Supplemental Authority may not contain any argument but may identify the page or section in the filed briefs to which the authority is relevant.

**Civil L. R. 15. Amended and Supplemental Pleadings.**

**(a)** Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

**(b)** A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

**(c)** If the Court grants the motion to amend, the Clerk of Court must then file the amended pleading. For any party who has appeared in the action and was served with the proposed amended pleading, the time period to serve an answer or other responsive pleading begins when the Court grants the motion to amend. The time period for a party who has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.

**Civil L. R. 16. Pretrial Conferences; Scheduling; Management; Alternative Dispute Resolution.**

**(a) Preliminary Pretrial Conferences.**

**(1)** A judge may require the parties to appear to consider the future conduct of the case. In categories of actions and proceedings not exempted under subsection (a)(3) of this rule, the parties must be prepared to discuss the matters enumerated in Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f). The parties also should be prepared to state:

**(A)** the nature of the case in 1 or 2 sentences;

**(B)** any contemplated motions;

**(C)** the parties' discovery plan, including the amount of further discovery each party contemplates, the approximate time for completion of discovery, and any disputes regarding discovery;

**(D)** whether the parties anticipate the disclosure or discovery of electronically stored information;

**(E)** whether the parties have reached an agreement for asserting post-production claims of privilege or of protection as trial-preparation material, and whether the parties request the judge to enter an order including the agreement;

**(F)** whether settlement discussions have occurred;

**(G)** the basis for the Court's subject matter jurisdiction;

**(H)** whether the case is included in one of the categories of proceedings exempted from initial disclosures and discovery conference pursuant to Fed. R. Civ. P. 26(a)(1)(B) and 26(f); appeals for review on an administrative record are exempted from (C), (D) and (E) above; and

**(I)** such other matters as may affect further scheduling of the case for final disposition.

**(2)** The judge may enter any orders necessary to aid in further scheduling the action, including dates for further conferences, briefing, schedules for motions, and cutoff dates for completing discovery. The judge also may enter any orders permitted under Fed. R. Civ. P. 16, Fed. R. Civ. P. 26(f), or Civil L. R. 26(e).

**(3)** Unless otherwise ordered by the judge, the categories of actions and proceedings set forth in Fed. R. Civ. P. 26(a)(1)(B)(i)-(ix) are exempted from the scheduling ad planning requirements of Fed. R. Civ. P. 16(b).

**(b) Final Pretrial Conference.** The judge may require counsel to appear for a final pretrial conference to consider the subjects specified in Fed. R. Civ. P. 16 or to consider other matters determined by the judge. Unless excused by the judge, principal trial counsel for each party must appear at the final pretrial conference.

**(c) Pretrial Report.**

**(1)** Unless otherwise ordered, each party must file a pretrial report at least 14 days before the scheduled start of the trial or, if a final pretrial conference is scheduled, 7 days before the final pretrial conference. The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a pretrial report is not filed. The report must include the following:

**(A)** a short summary, not to exceed 2 pages, of the facts, claims, and defenses;

**(B)** a statement of the issues;

**(C)** the names and addresses of all witnesses expected to testify. Any witness not listed will not be permitted to testify absent a showing of good cause;

**(D)** a statement of the background of all expert witnesses listed;

**(E)** a list of exhibits to be offered at trial sequentially numbered according to General L. R. 26 where practicable;

**(F)** a designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. Reading or playing more than 5 pages

from a deposition will not be permitted unless the judge finds good cause;

(G) an estimate of the time needed to try the case;

(H) if scheduled for a jury trial:

(i) any proposed voir dire questions;

(ii) proposed instructions on substantive issues; and

(iii) a proposed verdict form.

(I) if scheduled for a bench trial, proposed findings of fact and conclusions of law (*see* Fed. R. Civ. P. 52).

(2) In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case. Counsel are also expected to arrive at stipulations that will save time during the trial.

**(d) Alternative Dispute Resolution.**

**(1) Participation.** Each judge may conduct an alternative dispute resolution (ADR) evaluation conference during the early stages of case development to determine whether a civil case is appropriate for ADR. This conference may be held in conjunction with a pretrial conference or as a separate conference. If the judge determines that a case is appropriate for ADR, the judge may encourage the parties to participate in ADR before a magistrate judge or an appropriate neutral evaluator.

**(2) Exemptions.** The following types of cases are exempt from this procedure: administrative proceedings, including all Social Security cases; habeas corpus cases or other proceedings to challenge a criminal conviction or sentence; pro se prisoner litigation; actions by the United States to recover benefit payments or to collect on a student loan guaranteed by the United States; cases in which the only relief sought is an order compelling arbitration or enforcing an arbitration award; actions to enforce or quash an administrative summons or subpoena; proceedings ancillary to proceedings in other Courts; and mortgage foreclosure actions in which an agency of the United States is a secured party.

**(3) Confidentiality.** The Court, the neutral, all counsel and parties, and any other persons attending an ADR session under these rules must treat as confidential all written and oral communications made in connection with or during any ADR session. Except to the extent otherwise stipulated or

ordered, the disclosure of any written or oral communication made by any party, counsel, or other participant in connection with or during any ADR session is prohibited. ADR proceedings pursuant to these rules must be treated as compromise negotiations for purposes of the Federal Rules of Evidence and state rules of evidence.

**(4) Early Neutral Evaluation**. Early Neutral Evaluation (ENE) is a procedure in which the parties and their counsel, early in the case after an opportunity for limited discovery, meet with a neutral evaluator who is knowledgeable in the subject matter. The purpose is to reduce the cost and duration of litigation by providing an early opportunity for the parties to obtain a neutral evaluation of their case and to engage in meaningful settlement negotiations.

**(A) Cases Subject to ENE.** Any civil case may be referred to ENE if all parties agree. A case may be selected for ENE at the preliminary pretrial conference held pursuant to Civil L. R. 16(a), or at any other time by stipulation of the parties.

**(B) ENE Process.** Within 30 days of the case being referred to ENE, the neutral evaluator, an experienced attorney with expertise in the subject matter of the case, hosts a confidential and informal meeting of clients (companies are to be represented by someone knowledgeable about the case and with full settlement authority) and lead counsel at which each side, through counsel, clients or witnesses, presents evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses). The neutral evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter into procedural and substantive stipulations. The neutral evaluator in private prepares an evaluation that includes an assessment of the case, the reasoning that supports the assessment, and, where feasible, an estimate of the likelihood of liability and range of damages. Before the neutral evaluator provides the evaluation to the parties, the parties may engage in settlement discussions facilitated by the neutral evaluator. If settlement does not result, the neutral evaluator will present the parties with the evaluation. The neutral evaluator's evaluation is not shared with the trial judge.

**(C) Preservation of Right to Trial.** The neutral evaluator has no power to impose settlement. The confidential evaluation is nonbinding. If no settlement is reached, the case remains on the litigation track.

**(D) The Neutral Evaluator.** The neutral evaluator must have experience in the substantive legal area of the lawsuit. The parties must attempt to agree upon a neutral evaluator. If the parties cannot agree upon a neutral evaluator, the trial judge will appoint an available neutral evaluator. The trial judge may, but is not required to, appoint one of the magistrate judges of this District as the neutral evaluator.

**(E) Compensation of Neutral Evaluators.** Neutral evaluators volunteer their preparation time and the first four hours in an ENE session. After four hours in an ENE session, the neutral evaluator may either (1) continue to volunteer his or her time, or (2) give the parties the option of concluding the session or paying the neutral evaluator for additional time at 60% of the neutral evaluator's standard hourly billing rate, to be split equally among the parties unless they agree to a different apportionment. The ENE session will continue only if all parties and the neutral evaluator agree. After eight hours in one or more ENE sessions, if all the parties agree that further assistance of the neutral evaluator is desired, the neutral evaluator may charge his or her standard hourly billing rate or such other rate that is acceptable to the neutral evaluator and all parties.

**Civil L. R. 56. Summary Judgment.**

**(a) Pro Se Litigation.**

**(1)** If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

**(A)** The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

**(B)** In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

**(2)** This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

**(b) Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

**(1) Moving Party's Principal Materials in Support of Motion.** With each motion for summary judgment, the moving party must file:

**(A)** a memorandum of law;

**(B)** a statement setting forth any material facts to which all parties have stipulated;

**(C)** a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

**(i)** the statement shall consist of short numbered paragraphs, each containing a single material fact, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

**(ii)** a moving party may not file more than 150 separately numbered statements of fact;

**(iii)** failure to submit such a statement constitutes grounds for denial of the motion; and

**(D)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(2) Opposing Party's Materials in Opposition**. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

**(A)** a memorandum of law;

**(B)** a concise response to the moving party's statement of facts that must contain:

**(i)** a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

**(ii)** a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts. Each separately-numbered paragraph shall be limited to one material fact; and

**(C)** any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(3) Moving Party's Materials in Reply.** A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

**(A)** a reply memorandum;

**(B)** a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

**(C)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.

**(4) Effect of Uncontroverted Statements of Fact.** The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

**(5) Stipulated Facts.** Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

**(6) Citations to Facts in Memoranda.** Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

**(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact.** A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

**(8) Length of Memoranda.**

> **(A)** A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

> **(B)** No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

**(9) Sanction for Noncompliance.** Failure to comply with the requirements in this rule may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

**(10) Collateral Motions.** Collateral motions, such as motions to strike, are disfavored.

**General L. R. 26. Sequential Numbering of Exhibits.**

Documents identified as exhibits during the course of depositions, other pretrial proceedings, and at trial should be numbered sequentially. When practicable, only one exhibit number should be assigned to a document or physical object throughout the course of the action. By way of example, numbers 1-999 can be reserved for plaintiff's/prosecution's exhibits, and numbers 1000-1999 can be reserved for defendant's exhibits. If more than two parties appear in the litigation, successive blocks of 1000 can be reserved for each additional party starting with 2000-2999.

### Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(a) Time to Serve a Responsive Pleading.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

(3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

(4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1) on its own; or
    (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.
    (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.
    (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.
    (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

      (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
      (B) failing to either:
        (i) make it by motion under this rule; or
        (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
    (2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
      (A) in any pleading allowed or ordered under Rule 7(a);
      (B) by a motion under Rule 12(c); or
      (C) at trial.
    (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

### Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

# UNITED STATES DISTRICT COURT

Eastern      DISTRICT OF      Wisconsin

## EXHIBIT AND WITNESS LIST

V.

Case Number:

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE (S) | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

# ANSWERS TO PRO SE LITIGANTS' COMMON QUESTIONS

---

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN



Milwaukee, The Historical United States Courthouse, Building, Constructed 1892–1899

**Clerk of Court – Milwaukee Division**

*517 E. Wisconsin Ave., Room 362*
*Milwaukee, WI 53202*
*(414) 297-3372*

**Clerk of Court – Green Bay Division**

*125 S. Jefferson St., Room 102*
*Green Bay, WI 54301*
*(920) 884-3720*

*Last updated March, 2018.*

# **Table of Contents**

**Introduction** 3

**What are the Local Rules and Federal Rules of Civil Procedure?** 4

**What does that word mean? A glossary of common legal terms.** 5

**How will my case proceed?** 13
  **Filing the Complaint** 13
  **Serving the Defendant** 13
  **Discovery** 14
  **Filing Dispositive Motions** 14

**I need information. Where can I learn more about the law?** 15
  **Internet Resources** 15
  **Law Libraries** 15

**I need help. Where can I find a lawyer or get legal advice?** 17

**Can the court appoint an attorney to represent me?** 22

## Introduction

For a variety of reasons, many people represent themselves in court. A person who represents himself in court is often said to be proceeding "pro se" (pronounced "pro say") and may be called a "pro se litigant" or a "self-represented litigant."

A person who is not a lawyer can represent only himself in court. A non-lawyer generally cannot represent another person in court, even if that person is a close family member. A non-lawyer also cannot represent a corporation or limited liability company (LLC) in federal court even if the person is the owner of the company or corporation. If a corporation or LLC is a party to a lawsuit in federal court, the corporation or company must be represented by an attorney.

This guide will provide you basic information about representing yourself in a civil action in the United States District Court for the Eastern District of Wisconsin. It is designed to address questions that come up after a case has already been filed and before trial. It does not directly address questions about how to file a case or about trial. This guide provides only the most basic information. It is not a substitute for an attorney. This information is general in nature and some of it might not apply to your case.

This guide also lists other places you may wish to turn for more information.

### **THE COURT DOES NOT ENDORSE ANY ORGANIZATION, ENTITY, SERVICE, OR WEBSITE.**

The staff of the Clerk of Court's office will be able to answer certain procedural questions, but they absolutely **cannot give you legal advice**. Therefore, the staff of the Clerk of Court's office will **not** be able to predict whether you might win your case, recommend a strategy of how you might win your case, predict how a judge might decide an issue, or interpret the meaning of any statute, rule, regulation, order, or decision.

You will be notified about all of the court's actions in your case through the mail. Therefore, **if your mailing address changes while this case is pending you must immediately notify the court**. Do not assume that your mail will be forwarded to you or

that the court knows that your address changed. It is your responsibility to notify the court. If you fail to do so, you might not receive important information about your case. This could result in you losing important rights or losing your entire case.

---

**What are the Local Rules and Federal Rules of Civil Procedure?**

---

The [Federal Rules of Civil Procedure](), often abbreviated Fed. R. Civ. P., are rules that control every civil case filed in federal court everywhere in the country. They can be found at a law library or on many websites including: [www.law.cornell.edu/rules/frcp]() and [www.uscourts.gov]().

The [Local Rules](), often abbreviated L.R., are rules that apply to every case filed in the Eastern District of Wisconsin. Copies of the Local Rules can be obtained at the Clerk of Court's office or at the Eastern District of Wisconsin's website, [www.wied.uscourts.gov](). The Local Rules are divided into three sections: (1) General Rules that apply to all cases; (2) Civil Rules that apply in only civil cases; and (3) Criminal Rules that apply in only criminal cases.

Like everyone else, pro se litigants **MUST** comply with these rules. Failure to comply with these rules may have serious consequences. Depending upon the circumstances, it is possible that **you might lose your case if you do not comply with all the rules**.

**What does that word mean? A glossary of common legal terms.**

Courts and lawyers often use terms that have special meanings when used in the legal setting. Simple definitions of some of the most common terms are below. Additional information can be found at various websites such as http://www.uscourts.gov/glossary or by consulting a legal dictionary.

| | |
|---|---|
| Affidavit: | A written or printed statement made under oath. |
| Amount in controversy: | The amount of money at issue in a case. |
| Answer: | The document that a defendant files in response to a plaintiff's complaint. *See Fed. R. Civ. P. 7, 8, 9, 10, 11, 12.* |
| Brief: | A written statement submitted to a court that explains a party's factual and legal arguments in support of a motion. |
| Civil case: | A legal action where a plaintiff seeks some sort of relief from a defendant. |
| Civil cover sheet: | A form submitted by the plaintiff along with a complaint. It asks for basic information about a case and is used for keeping track of what types of cases are filed in federal court. |
| Costs: | Money a court may award to a party who wins a lawsuit for expenses incurred by the winning party during the lawsuit for things such as filing fees, service of a summons or subpoena, court reporters, or witnesses. *See Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.* |

| | |
|---|---|
| Complaint: | A written statement filed by the plaintiff to begin a lawsuit. In this document, the plaintiff outlines his case and states what he would like to happen. *See Fed. R. Civ. P. 7, 8, 9, 10, 11, 12.* |
| [Consent/Refusal to Proceed Before U.S. Magistrate Judge](#) | A form on which a party states whether he or she authorizes a United States Magistrate Judge to be the judge in the case. If all parties consent, the magistrate judge will handle all aspects of the case, including a jury trial, if necessary.<br><br>If even one party does not consent to have a magistrate judge handle the case, the case will be handled by a district judge. |
| Damages: | Money that a defendant pays a plaintiff in a civil case if the plaintiff has won. Damages may be compensatory (to compensate for a loss or injury) or punitive (to punish or deter future misconduct). |
| Default judgment: | Judgment entered in favor of the plaintiff and against a defendant when the defendant fails to answer or respond to a complaint. *See Fed. R. Civ. P. 55.* |
| Defendant: | In a civil case, this is the party being sued by the plaintiff. |

Deposition: A part of discovery where a witness or party answers questions under oath. Generally, this happens in-person, and although similar to testifying in court, this generally takes place in a lawyer's office. *See Fed. R. Civ. P. 27, 28, 30, 31, 32.*

Discovery: The phase of a civil case where each party collects information about the case from the other side. It may also refer to the actual information collected during this process, which may include copies of documents, written answers to questions, or depositions. *See Fed. R. Civ. P. 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37.*

Dispositive motion: A motion that, if granted, would end a portion of a case or end an entire case. Examples include a motion to dismiss or a motion for summary judgment.

District court: The court in the federal system where most actions start. The District Court for the Eastern District of Wisconsin is a district court.

District judge: A federal judge appointed to serve for life by the President and confirmed by the Senate to serve in a district court under Article III of the Constitution.

Docket: A brief written chronological list of what has happened in a case that is maintained by the Clerk of Court.

| | |
|---|---|
| Electronic Court Filing (ECF): | A way for attorneys to file documents with the court by uploading them to a website. In the Eastern District of Wisconsin, pro se litigants cannot file documents this way. Pro se litigants must file documents by submitting them to the Clerk of Court. The Clerk's office staff will then upload the documents to the ECF system. |
| Evidence: | Information presented in testimony or documents that is used to persuade a judge or jury to decide a case a certain way. |
| [Federal Rules of Civil Procedure](): | The rules for conducting a civil lawsuit filed in a federal court. Often abbreviated Fed. R. Civ. P. |
| [Federal Rules of Evidence](): | Rules that govern what types and how evidence may be presented in federal court. Often abbreviated Fed. R. Evid. |
| Hearsay: | Evidence where a witness recounts what he learned from someone else. Hearsay is generally not admissible in court. *See Fed. R. Evid. 801, 802, 803, 804, 806, 805, 807.* |
| In Forma Pauperis (IFP): | Latin phrase meaning "as a poor person." It is used when a party cannot afford to pay the filing fee to start a civil suit and therefore asks the court for permission to proceed "as a poor person" and not require him to pay the fee. A person wishing to proceed in forma pauperis must complete this district's "[Request to Proceed without Prepaying the Filing Fee]()," which is available on the court's website or from the Clerk of Court's office. *See 28 U.S.C. § 1915.* |

| Interrogatory: | One party's written question to another party that is asked as part of discovery. *See Fed. R. Civ. P. 33; Civ. L.R. 33.* |
| --- | --- |
| Judgment: | The final action by the court that ends a case in a district court. |
| Jurisdiction: | The legal authority of a court to hear and decide a certain type of case. It also is used as a synonym for venue, meaning the geographic area over which the court has territorial jurisdiction to decide cases. |
| Litigant: | A party to a lawsuit. |
| Local Rules: | Rules that apply to cases brought in a specific court. Often abbreviated L.R. |
| Magistrate judge: | A federal judge appointed by the judges in a district court who may oversee all aspects of a civil case if the parties consent. |
| Mediation: | A process where the parties meet with a neutral third party (sometimes a magistrate judge) in an effort to reach a mutually agreeable settlement of the case. |
| Motion: | A request by a litigant to a judge for a decision on an issue relating to the case. *See Fed. R. Civ. P. 7(b); Civ. L.R. 7.* |
| Movant: | The party that files a motion. |
| Order: | The court's command to a party, decision on a motion, or resolution of an issue in the case. |

Party:                  The plaintiff or the defendant in a lawsuit.

Plaintiff:              The party that starts a civil lawsuit by filing a complaint.

Pleadings:              Written statements filed with the court that describe a party's legal or factual assertions about the case. Pleadings may include a complaint, an answer, a motion, or a brief.

Prejudice:              Motions or cases can be resolved with or without prejudice. If "with prejudice," the case or motion cannot be filed again. If "without prejudice," the case or motion might be able to be re-filed at a later time.

Pro bono:               Phrase commonly used to refer to when a lawyer represents a person for free.

Relief:                 What a party seeks either in a lawsuit or in a particular motion.

Reply:                  A movant's submission following the other party's response to a motion. When a motion is filed, the movant may submit a brief in support. The other party will be able to submit a response. The movant will then be able to reply. The court will then decide the motion. *See Civ. L.R. 7, 56.*

Response: A submission made by a party in opposition to a motion. When a motion is filed, the movant may submit a brief in support. The other party will be able to submit a response. The movant will then be able to reply. The court will then decide the motion. *See Civ. L.R. 7, 56.*

Scheduling conference: A meeting with the court involving any pro se litigant and attorney representing a party to discuss how the case will proceed. The court decides whether any conference will be held in person or by telephone. *See Fed. R. Civ. P. 16; Civ. L.R. 16.*

Service of process: The act of formally providing the defendant with a copy of a summons and a copy of the complaint to inform him of the lawsuit against him. *See Fed. R. Civ. P. 4.*

Settlement: Parties to a lawsuit resolve their dispute without having a trial. Settlements often involve the payment of compensation by one party in at least partial satisfaction of the other party's claims, but usually do not include the admission of fault.

Statute of limitations: The time within which a lawsuit must be filed or a criminal prosecution begun. The deadline can vary, depending on the type of case.

Subpoena: A command, issued under a court's authority, to a witness to appear and give testimony or to produce certain documents.

Summons: A form prepared by the plaintiff and issued by a court that informs the defendant that he or she has been sued. *See Fed. R. Civ. P. 4.*

Summary judgment: A decision made on the basis of statements and evidence presented for the record without a trial. It is used when it is not necessary to resolve any factual disputes in the case. Summary judgment is granted when – on the undisputed facts in the record – one party is entitled to judgment as a matter of law. *See Fed. R. Civ. P. 56; Civ. L.R. 56.*

Text Only Order: An order entered by a judge that appears only on the docket and is not accompanied by a longer formal written order. These orders are generally short and for minor matters.

Waiver of service: A process where a defendant may agree that a plaintiff will not have to formally serve him with a summons and a copy of the complaint. *See Fed. R. Civ. P. 5(d).*

**How will my case proceed?**

### Filing the Complaint

When a complaint is submitted to the Clerk of Court's office, you must either pay a $400.00 filing fee or petition the court to proceed in forma pauperis.

You also must promptly submit the "[Consent/Refusal to Proceed Before U.S. Magistrate Judge](#)" form. This form will be provided to you when you file your case. The form is also available on the Eastern District of Wisconsin's website. The court might not take any action on your case until you submit this form.

If you cannot afford the filing fee and therefore wish to petition to proceed in forma pauperis, you must the form included in the Court's "[Guide and Complaint for Non-Prisoner Filing Without a Lawyer](#)" This form is available at the Clerk of Court's office or at the court's website. After you submit this completed form, the court will review the information you provide to determine if you can pay the filing fee. If the court determines you can pay the filing fee, the court will order you to do so.

If the court determines you cannot afford the filing fee, the court will review your complaint to determine if it is sufficient to proceed. If the court finds your complaint is sufficient, your case will go forward.

### Serving the Defendant

The next step is providing each defendant with a copy of the complaint and either a [summons](#) or both a [Request to Waive Service of Summons](#) and a [Waiver of Service of Summons](#) form. This process is called "serving the defendant." If you paid the filing fee, the Clerk of Court will provide you with instructions on how to serve the defendant. If you were granted permission to proceed in forma pauperis, in most cases the United States Marshals Service must serve defendant. Even if you were granted permission to proceed in forma pauperis, you will be charged a fee to have the United States Marshals Service serve the defendant. The current fee for the United States Marshals Service to provide a defendant with a waiver-of-service packet is $8.00. If personal service is required, the current fee is $65.00 per hour,

plus travel costs and any other out-of-pocket expenses for each Deputy Marshal needed for service. See 28 C.F.R. § 0.114 for more information on the fees the United States Marshals Service will charge.

If you are appealing a denial of Social Security benefits, the Clerk of Court will serve the defendant for you.

After the defendant is served with a summons and a copy of the complaint, the defendant generally must file an answer to the complaint. If you are appealing a denial of Social Security benefits, your case will proceed differently; after the defendant is served the Clerk of Court will mail you a letter explaining how your case will proceed.

### Discovery

Once the defendant answers the complaint, the court will usually schedule a conference with the parties. The judge may decide to have this conference over the phone or in court. During this conference, the court will discuss scheduling of further proceedings in your case. The court will set a deadline for the parties to make their initial disclosures, as required by Fed. R. Civ. P. 26(a). The court will usually also set deadlines for the parties to complete all discovery and for filing dispositive motions.

During the discovery phase of the case, the parties exchange information about the case. This may include exchanging documents, presenting interrogatories, or conducting depositions. The discovery phase may last a number of months.

At any point in the case, the parties may try to negotiate a settlement of the case. The parties may try to do this on their own or may ask an unbiased third party, sometimes a magistrate judge, to help them settle the case through mediation.

### Filing Dispositive Motions

The court will usually set a deadline for any party to file a motion for summary judgment. There are very specific rules about how to file and respond to a motion for summary judgment. In a motion for summary judgment, a party claims that the undisputed facts demonstrate that he must win the case. The other party must

respond, and the movant may reply. The court will then decide the motion. The court's resolution of the motion might end the case. If the court's decision does not end the case, the court will schedule the matter for trial. It normally takes at least a year from the time a case is filed until a trial is held; in many cases, the time is longer.

## I need information. Where can I learn more about the law?

### Internet Resources

**Wisconsin State Law Library**: http://wilawlibrary.gov/.

Under "Legal Topics"
- Links to hundreds of resources organized by topic.
- Links to legal forms.
- Links to other organizations, organized by county.
- Links to case law, statutes, and rules.

### Law Libraries

#### Marquette University Law School Library

1215 W. Michigan St., Milwaukee, Wisconsin 53233, 414-288-7031.

A law library with access to full range of legal materials. Library is open to members of the public for the purpose of conducting legal research. However members of the public are not able to check out materials. Staff is available to assist patrons with research needs. Public patrons must register at the lobby desk upon entering Eckstein Hall by signing in and showing photo identification.

#### Eastern District of Wisconsin Law Library

517 E. Wisconsin Ave., Room 516, Milwaukee, WI 53202, 414-297-1698.

The library is open, as a courtesy, to members of the bar, government employees and the general public on weekdays between 8:30 a.m. and 5:00 p.m. The library will be closed on all federal holidays and other days when the federal courthouse is closed. On occasion the library

may be closed when staff attend work-related events elsewhere.

Non-court users are asked to sign in at the front desk and may use materials only in the library. Photocopiers are available. Some older materials are kept in store rooms. If you do not see a volume you need on the shelf, check with the library staff who will retrieve materials from the store room. Materials which are checked out to chambers will not be retrieved for use by non- court users. The computers in the library are for use by court staff only.

### Milwaukee Legal Resource Center (MLRC)

901 N. 9th St., Courthouse, Room G10-1, Milwaukee, WI 53233, 414-278-4900.

A branch of the State Law Library, the Milwaukee Legal Resource Center (MLRC) is the law library for Milwaukee County. Library staff is available to provide reference and research assistance, including locating procedural information, forms, and other types of legal resources. The library's collection contains Wisconsin primary legal materials, as well as State Bar of Wisconsin CLE practice books and other secondary legal materials. The library also has federal materials, such as U.S. Supreme Court Reporter, Code of Federal Regulations, and the United States Code Service, a core collection of treatises, Milwaukee County and Milwaukee City ordinances, general reference books, and some titles aimed at the non-lawyer. The library offers several public computers with free access to the Internet, Westlaw, Shepard's Public Access, the Wisconsin State Law Library catalog (including MLRC titles), and the LOIS Wisconsin Series CD-ROM.

### County law libraries:

Many county courthouses maintain small un-staffed public law libraries. Contact a specific county courthouse for current information.

**I need help. Where can I find a lawyer or get legal advice?**

### State Bar of Wisconsin Lawyer Referral and Information Service (LRIS)

(800) 362-9082 or (608) 257-4666 (in Dane County and outside of Wisconsin). Available Monday through Friday from 8:00 AM to 5:00 PM.

Online service is available 24 hours per day through the State Bar of Wisconsin's website, http://www.wisbar.org/forPublic/INeedaLawyer/Pages/Lawyer-Referral-Request.aspx. You can search for an attorney by geographical location and area of practice.

When you call the service, you will not get legal advice. However, you will talk to a legal assistant who is experienced in analyzing potential legal problems – and in helping you locate the best source of help.

After speaking with an LRIS legal assistant, you may decide that you need to hire an attorney. If so, we can refer you to an attorney in your area who has indicated an interest in your type of legal situation. Attorneys referred through LRIS agree to charge no more than $20 for the first consultation, up to one half hour.

In some cases, you will resolve your legal issue at the first meeting. If your problem requires work beyond the first half-hour, you will be charged the lawyer's regular fees.

Attorneys participating in LRIS may accept referrals in any field of law in which they consider themselves competent. LRIS does not warrant that panel attorneys have any special expertise in the area of law for which a client was referred.

Case 2:24-cv-00018-JPS     Filed 03/04/24     Page 35 of 40     Document 9-

**Legal Action of Wisconsin**

www.legalaction.org

Milwaukee: 230 W. Wells St., Milwaukee, WI 53203, 414-278-7722.

Racine: 4900 Spring St., Ste. 100, Racine, WI 53406, 262-635-8836.

Oshkosh: 404 N. Main St., Ste. 702, Oshkosh, WI 54901, 920-233-6521.

Green Bay: 201 W. Walnut St., Ste. 203, Green Bay, WI 54303, 920-432-4645.

Legal Action of Wisconsin provides free legal services to low-income individuals. However, **Legal Action focuses upon only a few areas of law. For example, Legal Action generally does not represent litigants in employment discrimination cases.** Areas of law that Legal Action handles that are most likely to come up in federal court include:

Consumer Law - Mortgage foreclosures, utility shut-offs and restoration of utility services, predatory lending such as payday and car title loans, and some bankruptcies.

Government/Public Benefits (Welfare) and Health Law - Wisconsin Works (W-2), Child Care Assistance, BadgerCare, Food Stamps, Title 19 or Medicaid, Kinship Care, Unemployment Compensation and other government benefit programs.

SeniorLAW - SSI, Social Security, Medicare, Medicaid. .

Social Security – Appeals of Social Security Disability (SSD-I) and Social Security (SSI) denials when private attorneys cannot be found.

**Legal Aid Society of Milwaukee**

[www.lasmilwaukee.com](www.lasmilwaukee.com)

728 N. James Lovell Street, Third Floor, North Suite, 414-727-5300.

The Legal Aid Society of represents low income families and individuals who have problems involving housing, government benefits, disability, foreclosure, employment, homelessness, consumer law, eviction, HIV/AIDS, and civil rights. The Civil Division conducts regular walk-in hours on Mondays and Wednesdays from 1:30 p.m. to 3:30 p.m.

**State Bar of Wisconsin Modest Means Program**

Information and application form available online: [www.wisbar.org/forPublic/INeedaLawyer/Pages/Modest-Means.aspx](www.wisbar.org/forPublic/INeedaLawyer/Pages/Modest-Means.aspx)

The Modest Means Program of the State Bar of Wisconsin is designed to assist people whose income is too high to qualify for free legal services, but too low to pay a lawyer's standard rate. The program has income qualifications based on family size.

Only certain types of cases are eligible under this program. **<u>Generally, any case that may result in you suing for a monetary award or damages is not eligible for a reduced fee referral (personal injury, medical malpractice, etc.).</u>** Cases that qualify for this program that are most likely to come up in federal court include insurance policy disputes, contracts, and consumer fraud.

**Marquette Volunteer Legal Clinic (MVLC)**

[www.marquettelegalclinic.org](www.marquettelegalclinic.org)

At the Marquette Volunteer Legal Clinic, volunteer attorneys and Marquette University law students serve the Milwaukee community at various locations by providing pro bono legal information and referral services on a walk-in basis to individuals in need of legal assistance. Legal information is provided in most areas of civil law.

**The MVLC does not provide legal advice regarding employment discrimination issues.**

**No attorney-client relationship is formed and on-going representation is not provided.** No appointment is necessary. You should bring all paperwork related to your question.

### MVLC locations:

House of Peace Community Center
1702 W. Walnut St.,
Milwaukee, WI
Tuesdays:
4:00 p.m. to 6:00 p.m.
(sign-in starts at 3:30 p.m.)

Milwaukee Justice Center
Milwaukee County Courthouse,
Room G9 - 901 N. 9th Street
**Milwaukee County residents only.**
Thursdays (sign-in starts at 1:30 p.m.):
Fridays (sign-in starts at 8:30 a.m.)

Marquette Volunteer Legal Clinic for Veterans
*This clinic serves only veterans, active duty service members, and their families.*
6419 W. Greenfield Ave.,
West Allis, WI
1st and 3rd Mondays:
4:00 p.m. to 6:00 p.m.

United Community Center
*Services available in English and Spanish.*
730 W. Washington St.,
Milwaukee, WI
Wednesdays:
5:00 p.m. to 7:00 p.m.
(sign-in starts at 4:30 p.m.)

**Community Advocates**
http://communityadvocates.net/advocacy/
Community Advocates can provide referrals for legal representation in **Social Security** Disability and Supplemental Security Income (SSI) appeals.
Call 414-449-4777.

Case 2:24-cv-00018-JPS     Filed 03/04/24     Page 38 of 40     Document 9-

**Eastern District of Wisconsin Bar Association (EDWBA) Pro Se Federal Civil Litigant Help Line**

Information and application available at [edwba.org](edwba.org).

The EDWBA Help Line offers free, confidential, independent guidance (up to two hours) from a volunteer lawyer who will provide you information about federal civil litigation. Although these volunteer lawyers cannot represent you, they can help you represent yourself. Topics include:

- o Filing a civil case
- o Writing litigation documents
- o Understanding deadlines, court procedures, and rules
- o Understanding statutes and case law
- o Making and responding to discovery requests

## Can the court appoint an attorney to represent me?

Unlike a criminal case, there is no right to counsel in a civil case. However, under certain circumstances, the court may attempt to find an attorney who is willing to volunteer his or her time to represent a person in federal court. Because the court lacks the funds to pay attorneys who agree to represent poor litigants in civil cases, these attorneys do so without being paid (referred to as "pro bono").

Before the court will consider trying to find an attorney to volunteer to represent a litigant in a civil action, the litigant must attempt to find an attorney on his or her own.

If after making appropriate efforts to find an attorney a party is unable to find an attorney, the party may file a motion asking the court to recruit an attorney. In this motion, the party must explain why he or she is unable to afford counsel. The party must also provide details about his or her efforts to find counsel.

The court will review the motion. If the court finds that the person lacks the resources to hire an attorney and has made appropriate efforts to obtain counsel on his or her own, the court will consider various factors to decide whether or not to try to find a volunteer attorney.