## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Kabir Elohim Isreal,

        Plaintiff,

v.                                        Case No. 24-CV-18-JPS

Aileene Chovance[1],
Hector Claudio,
Guy Fraley, and
Kenton Burtch,

        Defendants.

## PARTIES' JOINT RULE 26(f) REPORT

Plaintiff Kabir Elohim Isreal, *pro se*, and Defendants Aileene Chovanec, Hector Claudio, Guy Fraley, and Kenton Burtch ("Defendants"), through their undersigned counsel, conferred on April 30, 2024 and May 1, 2024, and hereby submit the following Rule 26(f) report to the Court in response to the Court's order of February 13, 2024. [ECF No. 9: 2].

**1.**     <u>**Nature of Case:**</u>

    **A.**     **Cause of Action:**

Plaintiff has brought this action "pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution, and the laws of the State of Wisconsin." [ECF 1: 1].

    **B.**     **Jurisdiction and Service:**

This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331

---

[1] The parties note that the correct spelling is "Chovanec," not "Chovance," and use the correct spelling throughout this Report, but have maintained the "Chovance" spelling in the caption to avoid confusion, as that is how the case is officially captioned.

(actions arising under the laws of the United States), 28 U.S.C. § 1343(a)(1), (2), (3), and (4) (actions arising under the civil rights laws), and has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367(a). The Court has declined to exercise supplemental jurisdiction over Plaintiff's state law claims, for the reasons stated in its screening order. [*See* ECF 6: 9-10].

There are no issues regarding personal jurisdiction or venue. Defendants Aileene Chovanec, Hector Claudio, Guy Fraley, and Kenton Burtch have been served and are subject to the personal jurisdiction of this Court.

### C.    Legal Issues:

Referencing the operative complaint [ECF No. 1] in light of the Court's screening order [ECF No. 6], the following claims are currently permitted to proceed:

i.     Fourth Amendment claim involving the alleged seizure pertaining to the investigative stop. [ECF 6: 6-8, 13; ECF 1, ¶¶ 14-23, 38]. This claim can only be raised under the U.S. Constitution—not the state constitution, so Plaintiff's state law claims were dismissed without prejudice. [ECF 6: 9-10, 15; ECF 1, ¶ 41].

ii.    Fourth Amendment claim involving the alleged seizure pertaining to the arrest. [ECF 6: 6, 8, 13; ECF 1, ¶¶ 24-25, 37]. This claim can only be raised under the U.S. Constitution—not the state constitution, so Plaintiff's state law claims were dismissed without prejudice. [ECF 6: 9-10, 15; ECF 1, ¶ 40].

iii.   Fourth Amendment claim involving the alleged use of excessive force. [ECF 6: 11, 13; ECF 1, ¶¶ 15-23, 42].

iv.    Fourteenth Amendment due process claim involving the alleged deprivation of Plaintiff's handgun and passport. [ECF 6: 11-12, 14; ECF 1, ¶¶ 15, 18, 27, 39].

v.      Failure to intervene claim against all defendants. [ECF 6:12-13, 14; ECF 1, ¶ 35].

**D.      Related Cases:**

On June 6, 2023, Plaintiff filed a Complaint against the State of Wisconsin. [*Isreal v. State of Wisconsin*, No. 2:23-cv-00725-JPS, ECF 1]. The Complaint involved the same incident as is involved in the instant case, though Plaintiff's claims in that case centered around his proclaimed status as a sovereign citizen. [*See Isreal v. State of Wisconsin*, No. 2:23-cv-00725-JPS, ECF 1]. Following the Court's July 7, 2023 screening order rejecting Plaintiff's sovereign citizen arguments [*see Isreal v. State of Wisconsin*, No. 2:23-cv-00725-JPS, ECF 7], on July 28, 2023, Plaintiff filed an Amended Complaint alleging largely the same claims as were rejected in the Court's screening order [*see Isreal v. State of Wisconsin*, No. 2:23-cv-00725-JPS, ECF 8]. On July 31, 2023, the Court dismissed the case with prejudice. [*Isreal v. State of Wisconsin*, No. 2:23-cv-00725-JPS, ECF 9 and 10].

**E.      Pending Motions:**

The Defendants plan to file a Motion to Dismiss, and the parties are contemporaneously filing their joint executive summary pursuant to the Court's pre-trial procedures order [*see* ECF 9: 3-4] requesting that the Court set a briefing schedule for the Defendants' proposed motion to dismiss.

**F.      Amendments to Pleadings:**

Joinder of additional parties and amendment of pleadings shall be due by July 21, 2024.

**2.      Making or Arranging for Rule 26(a)(1) Disclosures:**

Initial Disclosures shall be due by May 15, 2024.

3

3.    **Proposed Discovery Plan (FRCP 26(f)(3)):**

   A.    **The Subjects On Which Discovery May Be Needed, When Discovery Should Be Completed, And Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues (FRCP 26(f)(3)(B))**

   i.    **Subjects on Which Discovery May Be Needed**

   The underlying events as referenced in the Complaint.

   ii.    **When Discovery Should Be Completed**

   Discovery should be completed by February 28, 2025.

   ii.    **Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused On Particular Issues**

Discovery should not be conducted in phases or be limited to or focused on particular issues.

   B.    **Any Issues About Disclosure or Discovery of Electronically Stored Information, Including The Form or Forms in Which It Should Be Produced (FRCP 26(f)(3)(C))**

The parties do not anticipate any issues about the disclosure or discovery of electronically stored information.

   C.    **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including—If The Parties Agree On a Procedure to Assert These Claims After Production—Whether to Ask the Court to Include Their Agreement in an Order (FRCP 26(f)(3)(D))**

The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials.

   D.    **What Changes Should Be Made in The Limitations On Discovery Imposed Under These Rules or by Local Rule, And What Other Limitations Should Be Imposed (FRCP 26(f)(3)(E))**

The parties do not anticipate the need for special limitations on discovery or unusual claims of privilege.

4

E.      **Any Other Orders That the Court Should Issue Under Rule 26(c) Or Under Rule 16(b) And (c) (FRCP 26(f)(3)(F))**

In addition to the discovery cut-off date requested above, the parties respectfully request that summary judgment motions under Civil L.R. 56 be set to be filed by April 25, 2025.

4.      **Other Matters That May Affect the Scheduling of This Case for Final Disposition:**

The parties are not aware of any other matter which may affect the scheduling of this case.

5.      **Trial:** The parties believe that a jury trial would require 2 or 3 full days.

6.      **Post-Production Claims of Privilege:** Not anticipated.

Dated: 05/02/2024            EVAN GOYKE
                            City Attorney

                            /s/ Maria Mesoloras
                            MARIA MESOLORAS
                            Assistant City Attorney
                            State Bar No. 1098921
                            Jennifer Williams
                            Deputy City Attorney
                            State Bar No. 1058087
                            *Attorneys for Defendants*
                            *Aileene Chovanec, Hector Claudio, Guy Fraley,*
                            *and Kenton Burtch*

Dated: 05/02/2024            /s/ Kabir Elohim Isreal
                            KABIR ELOHIM ISREAL
                            *Plaintiff, pro se*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI  53202
Telephone: (414) 286-2601
Fax: (414) 286-8014
Email: mmesol@milwaukee.gov

1032-2024-401/291124

5