UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KABIR ELOHIM ISREAL,

                Plaintiff,

v.

AILEENE CHOVANEC, HECTOR CLAUDIO, GUY FRALEY, and KENTON BURTCH,

                Defendants.

Case No. 24-CV-18-JPS

**ORDER**

       Plaintiff Kabir Elohim Isreal ("Plaintiff") proceeds on a claim that Defendants Aileene Chovanec ("Chovanec") and Hector Claudio ("Claudio") "violated [his] Fourth Amendment rights during his initial detention when they put him in [a] locked police vehicle and made him surrender his weapon without a sufficient legal basis," as well as a claim that Chovanec, Claudio, Guy Fraley, and Kenton Burtch (together, "Defendants") failed to intervene to stop one another's constitutional violations. ECF No. 47 at 9, 27; *see also* ECF Nos. 1 (complaint) and 6 (screening order).[1] The case is in discovery, with dispositive motions due in early August. ECF No. 51.

       Now before the Court are three motions from Plaintiff. First, Plaintiff filed a motion in limine seeking "to exclude any evidence, testimony, or reference to Plaintiff's alleged status as a convicted felon with a firearm."

---

[1] The Court permitted Isreal to proceed past screening on Fourth Amendment unlawful arrest and excessive force claims and a procedural due process claim, *see generally* ECF No. 6, but those claims were dismissed on Defendants' motion with leave to amend, ECF No. 47 at 28. Plaintiff did not file any amended complaint, so those claims stand dismissed.

ECF No. 56. Second, he seeks to compel Defendants to supplement certain "noncompliant responses" to his discovery requests. ECF No. 59.[2] Third, he moves the Court "to schedule an expedited settlement conference via Zoom." ECF No. 66 (italics removed. Defendants oppose each motion, ECF Nos. 60, 62, and 67, and Plaintiff has replied, ECF Nos. 64, 65, and 68. However, the Court need not reach the merits of each motion because the parties' submissions indicate that this matter must be stayed. As explained below, the Court will stay this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (hereinafter "*Younger*"), so each of Plaintiff's motions will be denied as moot.

Plaintiff's motion in limine asserts several bases for excluding evidence of his status as a felon, referencing in passing the need "to preserve [his] Fifth Amendment right to a fair trial" and "his right to remain silent." ECF No. 56 at 3, 4 and 5 n.5. In opposition, Defendants pick up on these references to note that Plaintiff's case challenges his "criminal [charges] under state law," which were subsequently dismissed when a [s]tate's witness failed to appear at the preliminary hearing. ECF No. 60 at 6 (citing ECF No. 47 and *State of Wisconsin v. Londale Quintae Strickling*, Milwaukee Cnty. Case. No. 2023CF001349, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF001349&countyNo=40&index=0&mode=details (last visited June 17, 2025)[3]).

---

[2]Plaintiff filed two versions of the motion to compel. ECF Nos. 58 ("First" version) and 59 ("Amended" version).

[3]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

As the Court noted in its motion to dismiss order, Plaintiff's former name is Londale Quintae Strickling. ECF No. 47 at 3.

Defendants further bring to the Court's attention that "the State of Wisconsin [subsequently] refiled those charges." *Id.* Indeed, the Court has confirmed that Plaintiff was again charged with possessing a firearm as a felon in May 2024 in *State of Wisconsin v. Londale Quintae Strickling*, Milwaukee Cnty. Case. No. 2024CF002588, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF002588&countyNo=40&index=0&mode=details (last visited June 17, 2025) (hereinafter the "2024 State Case"). Plaintiff failed to appear and a warrant was issued for his arrest. 2024 State Case, June 18, 2024 docket entry. The case remains open and, despite the existence of the warrant, Plaintiff has made numerous filings in the 2024 State Case. *Id.*, Sept. 24–Oct. 16, 2024 docket entries.

Defendants suggest that "[i]n light of the [2024 State Case], the most appropriate course at this stage may be to stay these proceedings [pursuant to *Younger*] pending resolution of the criminal charges," to balance Plaintiff's Fifth Amendment right against self-incrimination in the 2024 State Case and his chances of success in this civil suit. ECF No. 60 at 7. Plaintiff does not respond to this argument in his reply, ECF No. 64, or any of his other submissions, ECF Nos. 59, 65, 66, and 68.

It is not clear why Defendants did not bring the 2024 State Case to the Court's attention sooner nor why they did not affirmatively move to stay this case. In any event, the Court agrees that a stay is required.

The doctrine of *Younger* "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). *Younger* abstention reflects "the basic principles of equity, comity, and federalism." *Id.* "There are three exceptions to the rule

requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007)). Where *Younger* applies, the district court may either stay or dismiss the case, depending on the type of relief sought. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (collecting cases).

*Younger* abstention arises in this case because, although Plaintiff does not expressly seek the Court's intervention in the 2024 State Case, adjudicating his Fourth Amendment unlawful seizure claim in his favor could imply that some of the prosecution's evidence in the 2024 State Case is invalid. Doing so would disrupt the 2024 State Case, depriving the state court of the opportunity to decide evidentiary issues in the first instance and undermining *Younger*'s concerns for comity and federalism.

None of the articulated exceptions to *Younger* abstention applies here. The bad faith exception is a high bar. "The mere continuation of the case against [Plaintiff] . . . does not constitute harassment, let alone harassment for *Younger* purposes." *Harris*, 62 F. Supp. 3d at 799–800 (citing *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811 (7th Cir. 2014), where "the county election board was set to invoke a law against a candidate, despite the fact that it had been ruled unconstitutional in another proceeding against the board itself" as an example of the bad faith exception, but even then a "close call"). While Plaintiff may not like the fact that he is subject to prosecution in the 2024 State Case, he has made no

concrete factual allegations which the Court could infer that the 2024 State Case is brought in bad faith or for the purpose of harassment.

Likewise, the Court sees no "extraordinarily pressing need for immediate equitable relief"—or, more accurately here, for the Court to adjudicate a claim for liability and damages that could call state court evidentiary rulings into doubt—because Plaintiff has not shown he "has no forum to address" the alleged constitutional violation. *Id.* There is no reason to believe that he is not able to litigate his Fourth Amendment unlawful seizure challenge during the 2024 State Case proceeding nor any reason to believe that the state court is unable to resolve the federal questions presented. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand."). To the contrary, the fact Plaintiff has made a number of submissions in the 2024 State Case strongly suggests that he has ample opportunity to present his arguments to that court. *See* 2024 State Case, Sept. 24–Oct. 16, 2024 docket entries.

Finally, Plaintiff does not argue that the statute under which he is charged is flagrantly unconstitutional, nor could he, as at this time no court has invalidated Wisconsin's felon-in-possession statute. *See State v. Roundtree*, 952 N.W.2d 765, ¶ 53 (Wis. 2021); *Moran v. Wis. Dep't of Just.*, 932 N.W.2d 430, ¶ 49 (Wis. Ct. App. 2019) (collecting cases).

For all these reasons, the Court at this juncture must abstain pursuant to *Younger* from hearing Plaintiff's Fourth Amendment unlawful seizure claim (as well as his failure to intervene claim, since it depends on the underlying asserted constitutional violation). Because Plaintiff primarily seeks damages, ECF No. 6 at 6, the Court will stay the case.

*Gakuba*, 711 F.3d at 753 ("Because monetary relief is not available to him in his defense of criminal charges, however, . . . the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (collecting cases)).

This case will be stayed pending disposition of the 2024 State Case, including any appeals. All scheduled deadlines, *see* ECF No. 51 (scheduling order), are vacated. If Plaintiff wishes to reopen this matter when his state criminal case, concludes, he may seek to do so via notice filed in writing on the docket. Any such notice must be filed within **thirty (30) days** of the conclusion of the 2024 State Case. The Court will direct that the file in this case be administratively closed in the meantime. If Plaintiff does not file a notice within that timeframe, this case will be dismissed without prejudice.

The Court finally notes that, if Plaintiff is convicted in the 2024 State Case and seeks to continue this case after the 2024 State Case concludes, his claims may be barred under the doctrine of *Heck v. Humphrey*. 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254."); *Okoro v. Callaghan*, 324 F.3d 488, 490 ("[I]f [a plaintiff] makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." (citations omitted)).

Accordingly,

**IT IS ORDERED** that Plaintiff Kabir Elohim Isreal's pending motions, ECF No. 56, 58, 59, and 66, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED** pending resolution of Plaintiff's state criminal case, Milwaukee County Circuit Court Case No. 2024CF002588, including any appeals;

**IT IS FURTHER ORDERED** that all scheduled deadlines in the Court's scheduling order, ECF No. 51, be and the same are hereby **VACATED**;

**IT IS FURTHER ORDERED** that, should Plaintiff seek to reopen this matter upon conclusion of his state criminal case, he must file a notice of his intent to do so within **thirty (30) days** of the conclusion of the state criminal case, including any appeals; failure to timely file such notice will result in dismissal of this case without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this action upon entry of this Order.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge