IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **Kabir Elohim Isreal** | ) |
| *Plaintiff*, | ) Civil Action No.: 24-CV-18-JPS |
| v. | ) |
| **Chovanec et al** | ) |
| *Defendants*, | ) |

**PLAINTIFF'S MOTION TO LIFT *YOUNGER* STAY AND REQUEST FOR JUDICIAL NOTICE**

**COMES NOW**, Kabir Elohim Israel (hereinafter "Plaintiff") pursuant to **Rule 7 (b) (1)** of the **Federal Rules of Civil Procedure**, **Rule 7 (a) (1)** of the **Civil Local Rules** of the **United States District Court for the Eastern District of Wisconsin**, *Younger v. Harris, 401 U.S. 37 (1971)*, and **Rule 201** of the **Federal Rule of Evidence**, respectfully moving this Court to lift the Younger stay imposed on **JUNE 17TH, 2025** (Doc. 71) and to take judicial notice of Detective Guy Farley's Police Report (hereinafter "Exhibit A"), [1] both Wisconsin criminal complaints in **Case Nos. 2023CF001349** (hereinafter "Exhibit B") and **Case Nos. 2024CF002588** (hereinafter "Exhibit C"), and Detective Britt Kohnert's police report (hereinafter "Exhibit D"). Plaintiff's Complaint (Doc. 1) [2], Affidavit, and Exhibits A-D are incorporated herein by reference. **IN SUPPORT OF THIS MOTION**, Plaintiff submits the following memorandum:

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT *YOUNGER* STAY AND REQUEST FOR JUDICIAL NOTICE**

### I. INTRODUCTION

Plaintiff seeks to lift the *Younger* stay because Exhibit C is conducted in bad faith, motivated by harassment, and constitutes vindictive prosecution, violating Plaintiff's due process rights as alleged in his civil complaint (Doc. 1, ¶¶ 24–26, 28-30, 34; Affidavit ¶7-13). The state dismissed identical charges in Exhibit B (Doc. 1, ¶26; Affidavit ¶7), only to refile them against, four and a half months after Plaintiff's § 1983 filing on **JANUARY 4TH, 2024** (Doc. 1, ¶24; Affidavit ¶7), to prejudice his civil claims for unlawful detention and failure to intervene (Doc. 1, ¶¶ 11–13, 21–24, 28–30; Affidavit ¶2-6). Both complaints (Exhibits B, C; Affidavit

---

[1] Exhibits A and D were obtained through discovery in this case.
[2] The Court has easy access to Doc 1. So it is not attached. However, Plaintiff can provide it if requested. Thanks

¶14-15) misrepresents the fact pattern, omit exculpatory evidence from Detective Farley's report (Exhibit A; Affidavit ¶9), rely on uninvolved affiants, stem from an unlawful 2.5-hour detention (Doc. 1, ¶¶ 28–29; Exhibit A; Affidavit ¶5), and suggest manipulation of evidence, coordination to suppress evidence, abuse of prosecutorial discretion, failure to investigate exculpatory evidence, and fraudulent invocations of the Wisconsin's circuit court subject matter jurisdiction, proving bad faith under ***Younger*, 401 U.S. at 54**. Defendants' egregious discovery obstruction, including failure to produce affidavit of diligent search, requested police reports, and body camera footage (Doc. 59, denied as moot due to the stay; Affidavit ¶10), further supports harassment. Plaintiff requests judicial notice of Exhibits B and C to verify their identical nature and omissions, not their truthfulness. (Affidavit ¶14-15)

### a. NOVEL QUESTION OF LAW

This case presents a novel question: Does a state criminal prosecution, refiled without new evidence four and a half months after a § 1983 filing, using uninvolved affiants who omit exculpatory evidence from a known police report, and failing to produce requested reports and footage—evidenced by a court clerk's statement suggesting key police reports may not exist—demonstrate bad faith, harassment, or vindictive prosecution sufficient to qualify for an exception under the *Younger* doctrine? (Doc. 1, ¶¶ 11-26, 28–30; Affidavit ¶2-15, 18-20; Exhibit A-D; ***Franks v. Delaware*, 438 U.S. 154, 168 (1978); *Taylor v. Hughes*, 26 F.4th 419, 427–28 (7th Cir. 2022); *Blackledge v. Perry*, 417 U.S. 21, 27–28 (1974)**). Plaintiff believes the question is answered in the affirmative. This question addresses unique misconduct across prosecutors and police, potentially involving evidence concealment, to prejudice Plaintiff's civil rights action.

### II. REQUEST FOR JUDICIAL NOTICE

Plaintiff requests judicial notice of Exhibits A-D pursuant to **Rule 201 (b)** of the **Federal Rules of Evidence**, for their existence and contents, not their truth. Exhibits B and C are public court records filed in Milwaukee County Circuit Court on **MARCH 25TH, 2023**, and **MAY 29TH, 2024**, respectively, obtained through official channels (Affidavit ¶17–18), and their identical contents are verifiable and not subject to reasonable dispute ***(Opoka v. I.N.S., 94 F.3d 392, 395 (7th Cir. 1996)***. Exhibits A and D, produced by Defendants in discovery in this case (Affidavit ¶13–14) and used to draft Exhibits B and C, contain exculpatory details (e.g., officers' belief in self-defense, unlawful detention, GL's corroboration) omitted in B

and C. Their authenticity is undisputed, and their contents are accurately determined, warranting judicial notice for the limited purpose of showing omissions and identical language *(Daniel v. Cook County, 833 F.3d 728, 742 (7th Cir. 2016)*. This notice supports Plaintiff's claims of bad faith, harassment, and vindictive prosecution, justifying lifting the *Younger* stay *(Younger v. Harris, 401 U.S. 37 (1971)*.

### III. FACTUAL BACKGROUND

On **MARCH 21ST, 2023**, Plaintiff voluntarily flagged down Officers Aileen Chovanec and Hector Claudio at 3624 W. North Ave, Milwaukee, reporting a self-defense shooting (Doc. 1, ¶¶ 11–13; Exhibit A; Affidavit ¶2). Plaintiff provided his name and stated that an unknown shooter shot at them and as a result Plaintiff shot back in defense of himself and others (Doc. 1, ¶¶ 11–13; Exhibit A; Affidavit ¶2) Officers Chovanec and Claudio exited their police car, approached me, and Claudio, in a hostile tone with his hand on his gun, directed me to comply with their instructions. I believed I was not free to leave or decline their requests (Doc. 1, ¶¶ 14–18; Affidavit ¶3-4). Claudio locked the back door of the police car, and the officers radioed dispatch for a warrant check on me (Doc. 1, ¶¶ 19–20, 21-24; Affidavit ¶4-8). Officers believed Plaintiff's account, found no contradictory evidence, assured him he was not under arrest numerous times, and detained him for identification purposes (Doc. 1, ¶¶ 21–24, 28–30; Exhibit A; Affidavit ¶9). After 2.5 hours, officers discovered Plaintiff's 2017 felony conviction, leading to a felon-in-possession charge (Doc. 1, ¶19-25,; Exhibit A; Affidavit ¶9).

Exhibit B, filed by Officer Sao Yang, was dismissed on **AUGUST 9TH, 2023**, (Doc. 1, ¶26; Affidavit ¶7). On **JANUARY 4TH, 2024**, Plaintiff filed this § 1983 action (Doc. 1; Affidavit ¶7). On **MAY 29TH, 2024**, Wisconsin refiled identical charges (Exhibit C) through Detective Shawn Halverson, (Exhibits B, C; Affidavit ¶7). However, neither Yang nor Halverson were at the scene, never spoke to Plaintiff, and relied on "official Milwaukee Police Department reports" (Exhibits B, C; Affidavit ¶8 ). Both complaints omit the 2.5-hour detention's lack of reasonable suspicion, officers' belief in self-defense, and lack of contradictory evidence. (Doc. 1, ¶¶ 28–29; Exhibit A; Affidavit ¶9). [3]

---

[3] This also fraudulently invokes the circuit court's subject matter jurisdiction.

Exhibit A, provided in discovery, confirms Plaintiff's voluntary approach, self-defense claim, officers' belief, and unlawful detention (Doc. 1, ¶¶ 11–26; Exhibit A; Affidavit ¶1-10). Exhibit D, to Plaintiff's knowledge, obtained *via* discovery in this case, documents GL's corroboration of Plaintiff's innocence, which appear to be mentioned in both criminal complaints (Exhibit A, B, C, D; Affidavit ¶15). During discovery Plaintiff requested all police reports and body camera footage from Defendants, but they produced only Fraley's report, failed to provide a diligent search affidavit, and failed to verify interrogatories twice, despite representing they would, per motion to compel (Doc. 59, denied as moot due to the stay) (Affidavit ¶14). To Plaintiff's knowledge, based on Exhibit A, Chovanec and Claudio relayed Plaintiff's account to Sgt. Burtch, who relayed it to Farley, who wrote the only report; Burtch produced no report (Affidavit ¶10). Wisconsin's refiling, prejudices Plaintiff's civil claims.

## IV.  LEGAL STANDARD

Under ***Younger v. Harris*, 401 U.S. 37, 44 (1971)**, federal courts abstain from interfering with state prosecutions absent exceptional circumstances, including bad faith, harassment, or vindictive prosecution. Bad faith exists when the state pursues charges with "no reasonable expectation" of conviction, often due to misconduct, such as fabricating evidence, suppressing exculpatory evidence, abusing prosecutorial discretion, or fraudulently invoking jurisdiction. ***Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 793 (N.D. Ill. 2014); *Shaw v. Garrison*, 467 F.2d 113, 120–21 (5th Cir. 1972)**. Wisconsin cannot violate a defendant's constitutionally protected rights while simultaneously enforcing its rights, and fabricated probable cause neither satisfies the Fourth Amendment nor supports a proper invocation of the circuit court's subject matter jurisdiction. ***Manuel v. City of Joliet*, 137 S. Ct. 911, 918–19 (2017); *Taylor v. Hughes*, 26 F.4th 419, 427–28 (7th Cir. 2022)**. Harassment occurs when prosecution aims to deter constitutional rights. ***Dombrowski v. Pfister*, 380 U.S. 479, 489–90 (1965)**. Vindictive prosecution violates due process when charges are refiled to punish protected activity, such as filing a civil rights lawsuit, without any or new evidence. ***Blackledge v. Perry*, 417 U.S. 21, 27–29 (1974)**. Courts may lift a Younger stay when these exceptions apply, as comity concerns diminish. ***SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010)**.

## V.  ARGUMENT

## A. THE STATE PROSECUTION IS CONDUCTED IN BAD FAITH

Exhibit C is baseless, relying on suppressible evidence, omitting exculpatory facts, and reflecting multiple acts of prosecutorial misconduct, including fraudulent invocation of jurisdiction, proving bad faith (Exhibits A-D, Doc. 1, ¶¶ 11-26, 28–30; Affidavit ¶2-15, 18-20). Wisconsin cannot violate Plaintiff's constitutional rights while enforcing its rights, as it does by pursuing charges based on unlawful detention and fabricated probable cause (Doc. 1, ¶¶ 11-26, 28–30; Affidavit ¶2-15, 18-20; Exhibit A-D; *Manuel v. City of Joliet, 137 S. Ct. at 918–19*.

1. **NO REASONABLE EXPECTATION OF CONVICTION**:
    a. Both complaints rely on triple or quadruple hearsay, and Plaintiff's alleged firearm possession, discovered during a 2.5-hour detention without reasonable suspicion (Exhibits A-D, Doc. 1, ¶¶ 11-26, 28–30; Affidavit ¶2-15, 18-20). This detention, misrepresented as lawful, violates the Fourth Amendment, rendering the evidence suppressible as "fruit of the poisonous tree." *Wong Sun v. United States, 371 U.S. 471, 488 (1963)*. Without this evidence, the state has no case. *Huffman, 420 U.S. at 611*.
    b. GL's corroboration, noted in both complaints and detailed in Exhibit D, supports self-defense, (Exhibits A-D; Doc. 1 ¶11-26, 28-30; Affidavit ¶15). Defendants' implicit stipulation as to self-defense, weakens the charge (Exhibits A-D; Affidavit ¶9, 13-15).
    c. By relying on an unconstitutional detention and suppressing exculpatory evidence, the state (violating Plaintiff's rights while enforcing its own), undermines the prosecution's legitimacy (Exhibits A-D; Doc. 1 ¶11-26, 28-30; Affidavit ¶2-15) *Manuel, 137 S. Ct. 911, at 918–19*. [4]

2. **FABRICATION OF PROBABLE CAUSE**:
    a. Both complaints omit the detention's 2.5-hour duration, lack of suspicion, officers' belief in self-defense, assurances of no arrest, and lack of contradictory evidence, misrepresenting the seizure as lawful (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-C; Affidavit ¶2-20). These omissions undermine probable cause, as affiants Yang and Halverson

---

[4] Although Defendants may claim Wisconsin dismissed the 2023 case (Case No. 2023CF001349) due to witnesses' failure to appear, Detective Farley's report (Exhibit A) shows all Defendants, especially Chovanec and Claudio, believed Plaintiff's self-defense claim and found no evidence of felon-in-possession, as neither of them signed the criminal complaints (Exhibits B, C), evidencing no reasonable expectation of conviction, supporting the novel question of bad faith (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-20).

relied on Farley's report yet excluded its exculpatory details (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-C; Affidavit ¶2-20). Such omissions mimic the reckless misrepresentation in *Taylor v. Hughes, 26 F.4th at 427–28 (7th Cir. 2022)* invalidating probable cause. This falsification fails to satisfy the Fourth Amendment, whereas "a probable-cause determination based on falsified evidence 'has done nothing to satisfy the Fourth Amendment's probable cause requirement.'" *Manuel, 137 S. Ct. at 918–19*. This falsification nullifies the circuit court's subject matter jurisdiction, evidencing bad faith. *Shaw v. Garrison, 467 F.2d 113, 120–21 (5th Cir. 1972)*.

  b. Both complaints rely on fabricated probable cause, violating the Fourth Amendment's requirement that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." *U.S. Const. amend. IV*; *Franks v. Delaware, 438 U.S. 154, 168 (1978).* Probable cause demands a "fair probability" of evidence of a crime under the totality of circumstances. *United States v. Ochoa-Lopez, 31 F.4th 1024, 1026–27 (7th Cir. 2022) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)*. Here, both complaints allege Plaintiff's firearm possession based on a 2.5-hour detention without reasonable suspicion, misrepresenting it as lawful (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-C; Affidavit ¶2-20). Exhibit A confirms the detention lacked suspicion, as Plaintiff voluntarily reported a self-defense shooting, corroborated, to Plaintiff's knowledge, by GL, with officers believing both accounts (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A, D; Affidavit ¶2-20). This unlawful detention renders the evidence suppressible, negating probable cause. *Wong Sun v. United States, 371 U.S. 471, 488 (1963)*.

  c. Both complaints further contain intentional or reckless misrepresentations and omissions, voiding them under *Franks*, which holds that a warrant based on "deliberately falsified allegations" cannot support probable cause. *438 U.S. at 168*. Both complaints omit Farley's exculpatory details—officers' belief in self-defense, no contradictory evidence, assurances of no arrest, and the detention's duration (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-C; Affidavit ¶2-20). Yang and Halverson, uninvolved affiants who were not on the scene, never spoke to Plaintiff, and relied on Exhibit A yet selectively omitted its exculpatory content, suggesting perjury or reckless disregard (Doc. 1, ¶24; Affidavit ¶¶ 8; *Franks, 438 U.S. at 165*). [5] Moreover, their

---

[5] Both complaints are signed under oath.

testimony is triple hearsay which increases the weakness of the evidence of both incredible witnesses ***United States v. Bell, 585 F.3d 1045, 1049–52 (7th Cir. 2009)***; ***United States v. Glover, 755 F.3d 811, 817 (7th Cir. 2014)***, where omitting credibility issues invalidated probable cause, voids the complaints' foundation. [6]

3. **BRADY VIOLATIONS**:
    a. Both complaints exclude Farley's report's exculpatory details: officers' belief in self-defense, no contradictory evidence, and unlawful detention (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-C; Affidavit ¶2-20). These omissions violate ***Brady v. Maryland, 373 U.S. 83, 87 (1963)***, indicating deliberate suppression. ***Huffman, 420 U.S. at 611***.

4. **UNINVOLVED AFFIANTS**:
    a. Affiants Yang and Halverson were not at the scene, never spoke to Plaintiff, and relied on reports containing only exculpatory evidence (Exhibits A-D; Affidavit ¶2-20). Using non-witness officers to file complaints deviates from standard practice, suggesting an attempt to obscure the case's weaknesses. ***Younger, 401 U.S. at 54***.

5. **MANIPULATION OF EVIDENCE THROUGH SELECTIVE REPORTING**:
    a. Wisconsin selectively used "official Milwaukee Police Department reports" (Exhibits B-C), relying on Farley's report while omitting its exculpatory details (officers' belief, no contradictory evidence, unlawful detention). (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-20). The absence of reports from Chovanec, Claudio, and Burtch, who had direct knowledge, suggests intentional exclusion of exculpatory evidence to construct a misleading narrative (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A, D; Affidavit ¶2-20). This manipulation constitutes prosecutorial misconduct. ***Brady, 373 U.S. at 87***.

6. **COORDINATION TO SUPPRESS EVIDENCE**:
    a. Wisconsin's refiling through uninvolved affiants, combined with Defendants' failure to produce requested police reports, body camera footage, diligent search affidavit, and verified interrogatories, suggests coordination between the Milwaukee Police Department and prosecutors to suppress exculpatory evidence and prejudice Plaintiff's § 1983 claims (Affidavit ¶14; Doc. 59). Surprisingly, to Plaintiff's

---

[6] The signatures of prosecutors Bashirian/Franken and officers Yang/Halverson on the complaints containing material omissions and hearsay, contrary to Farley's report, provide *prima facie* evidence of bad faith and unreliability, supporting Wisconsin's intent to pursue a fraudulent prosecution.

knowledge, based on a court clerk's statement, no reports from Chovanec, Claudio, or Burtch exist in the case file (Affidavit ¶18). This concerted effort indicates bad faith. ***Dombrowski, 380 U.S. at 489–90***. If no reports from Chovanec, Claudio, or Burtch exist and the only two police reports, Exhibit A and D, that do exist, undermine probable cause, then how did Wisconsin reasonably conclude probable cause without bad faith acts?

7. **ABUSE OF PROSECUTORIAL DISCRETION**:
    a. Refiling identical charges on **MAY 29TH, 2024**, four and a half months after Plaintiff's § 1983 filing on **JANUARY 4, 2024**, despite known weaknesses, reflects abuse of prosecutorial discretion (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-20). The new prosecutor (Franken) and affiant (Halverson) pursued a meritless case without any evidence, suggesting an improper motive to retaliate (Doc. 1, ¶24; Affidavit ¶7). ***Blackledge v. Perry, 417 U.S. at 27–28***.

8. **FRAUDULENT INVOCATION OF SUBJECT MATTER JURISDICTION**:
    a. Wisconsin fraudulently invoked the circuit court's subject matter jurisdiction by filing both complaints based on falsified probable cause, omitting exculpatory evidence, and misrepresenting the detention as lawful (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-20). Exhibit C, refiled post-§ 1983 filing without any evidence, and use of uninvolved affiants conceal the case's baselessness, improperly obtaining jurisdiction to cause ongoing harm and harassment of Plaintiff (Doc. 1, ¶¶ 11-26, 28-30; Exhibit C; Affidavit ¶2-20). ***Manuel, 137 S. Ct. at 918–19; Shaw v. Garrison, 467 F.2d at 120–21***. This misconduct renders the prosecution illegitimate, evidencing bad faith. ***Younger, 401 U.S. at 54***.

## VI. THE PROSECUTION CONSTITUTES HARASSMENT

Wisconsin's actions impose ongoing harm to deter Plaintiff's § 1983 claims (Doc. 1, ¶¶ 25, 27, 34):

1. **Refiled Charges**: Refiling identical charges after dismissal burdens Plaintiff with unwarranted legal expenses, headaches, hyperventilation, heart palpitations, fear of future harassment, dizziness, loss of sleep, loss of appetite, loss of faith in the U.S. Constitution, loss of faith in the Wisconsin Constitution, and etcetera (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-C; Affidavit ¶2-21).

2. **Egregious Discovery Obstruction**: Plaintiff requested all police reports and body camera footage from Defendants, but they only produced one police

report and no body cam footage, despite motions to compel (Doc. 59, denied as moot due to the stay) (Doc. 71; Affidavit ¶14). Defendants failed to provide a diligent search affidavit to justify non-production and failed to verify interrogatories twice, indicating deliberate withholding of exculpatory evidence, coordinated with the refiling to prejudice Plaintiff's civil claims (Doc. 59; Affidavit ¶14). Sgt. Burtch, who relayed information to Farley, also produced no report (Doc. 59; Affidavit ¶14). This obstruction, combined with selective reporting, coordination to suppress evidence, and fraudulent invocation of jurisdiction, suggests a pattern of harassment. *Dombrowski, 380 U.S. at 489–90*.

## VII. THE REFILING VIOLATES DUE PROCESS AS VINDICTIVE PROSECUTION

Wisconsin's dismissal of Exhibit B and refiling of identical charges in Exhibit C, without any evidence, four months after Plaintiff's § 1983 filing, violates due process by punishing Plaintiff's protected activity (Exhibits B-C; Affidavit ¶11). *Blackledge v. Perry, 417 U.S. 21, 27–28 (1974)*.

1. **Identical Complaints**: The complaints' word-for-word identity confirms no evidence justifying refiling (Doc. 1, ¶¶ 11-26, 28-30; Exhibits B-C; Affidavit ¶2-21).
2. **Timing**: Refiling on MAY 29TH, 2024, post-§ 1983 filing (JANUARY 4TH, 2024), suggests retaliation (Doc. 1, ¶¶ 11-26, 28-30; Exhibits B-C; Affidavit ¶2-21).
3. **Dismissal of 2023 Case**: Wisconsin dismissed the 2023 in the same year, yet refiled identically, indicating an intent to thwart Plaintiff's civil damages claims (Doc. 1, ¶¶ 11-26, 28-30; Exhibits B-C; Affidavit ¶2-21).
4. **Unconstitutional Basis**: Wisconsin cannot violate Plaintiff's Fourth Amendment rights through an unlawful detention and fabricated probable cause while simultaneously enforcing its rights (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-21; *Manuel, 137 S. Ct. at 918–19*. The complaints' reliance on falsified evidence, omitting exculpatory details and misrepresenting the detention, voids probable cause, rendering the refiling a due process violation *Taylor, 26 F.4th at 427–28*.
5. **Fraudulent Jurisdiction**: By fraudulently invoking jurisdiction through falsified probable cause and retaliatory refiling, Wisconsin punishes Plaintiff's exercise of his right to seek redress, further violating due process (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-21; *Shaw v. Garrison, 467 F.2d at 120–21*; *Manuel, 137 S. Ct. at 918–19*
6. **Coordinated Misconduct**: Wisconsin's selective reporting, coordination to suppress evidence, abuse of discretion, and fraudulent invocation of

jurisdiction evidence an intent to prejudice Plaintiff's right to seek redress, violating due process (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-21; ***United States v. Goodwin, 457 U.S. 368, 372-373 (1982)***.

## VIII. MINIMAL COMITY RISK

Lifting the stay poses little risk to comity, as the prosecution's bad faith, harassment, and vindictiveness, compounded by fraudulent invocation of jurisdiction, undermine Wisconsin interests (Doc. 1, ¶¶ 11-26, 28-30; Exhibits A-D; Affidavit ¶2-21). ***SKS & Assocs., 619 F.3d at 678.*** Plaintiff's § 1983 claims (unlawful detention, failure to intervene) are distinct from the state's felon-in-possession charge, minimizing interference (Doc. 1, ¶¶ 11-26, 28-30; Affidavit ¶2-21). ***Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982)***.

## IX. NULLUS COMMODUM CAPERE POTEST DE INJURIA SUA PROPRIA

Wisconsin cannot benefit from its own misconduct in omitting exculpatory evidence, suppressing requested reports, and pursuing a prosecution based on an unlawful detention (Doc. 1, ¶¶ 11-26, 28-30; Doc.59; Exhibits A-D; Affidavit ¶2-21). The principle that "no one should profit from their own wrong" bars the state from invoking *Younger* abstention to shield a baseless prosecution. This misconduct, including reliance on uninvolved affiants and failure to produce corroborative evidence, renders the state case void and justifies lifting the stay ***Manuel v. City of Joliet, 137 S. Ct. 911, 918–19 (2017).*** [7]

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court lift the Younger stay and take judicial notice of Exhibits A-D.

**/S/Kabir Elohim Israel**
**Plaintiff,** *Pro se*

## CERTIFICATE OF SERVICE

I certify that on **JUNE 23RD, 2025**, I served this motion, memorandum, affidavit, and exhibits on all counsel of record *via* CM/ECF.
**/S/Kabir Elohim Israel**
**Plaintiff,** *Pro se*

---

[7] In vain has Wisconsin sought the aid of Equity when she has violated equity. Such a state, in the eyes of a Court of Chancery, has unclean hands. **"§ 51 No one Can Take Advantage of His Own Wrong"**, Page 44, A Treatise on Suits in Chancery by Henry R. Gibson.

P.O. Box 114
Buckeye, Arizona 85326
602-461-6159